**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OLUBUKUNOLA ALAO,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>*Defendant*. | Civil Action No. 24-784 (TJK) |

**MEMORANDUM OPINION & ORDER**

In March 2024, Olubukunola Alao, proceeding pro se, sued several components of the District of Columbia government, including her former employer, the Department of Health. She asserted claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, or ADA. The District of Columbia moved to dismiss in part, and the Court granted the motion in part and denied it in part. A few months later, the Court granted Alao's leave to amend her complaint. That amendment recycled some of her dismissed claims, brought new ADA ones, challenged the results of her administrative proceeding before the D.C. Office of Human Rights, and—for whatever reason—abandoned claims the Court had held survived the District's motion to dismiss. The District of Columbia—now the only named Defendant—again moves to dismiss in part. The result is the same: the Court will grant the motion in part and deny it in part.

## I. Background

Alao sued in March 2024, asserting claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). *See* ECF Nos. 1, 8. Her original complaint alleged that her former supervisor, Dr. Sharon Lewis, and other employees at the District of Columbia Department of Health ("DOH"), "'denied [her] reasonable accommodation' for her

disability; that she endured changes to the 'terms and conditions' of her employment because of her 'race, disability, national origin, and retaliation'; that she was 'demoted' because of 'disability' and 'retaliation'; and that she suffered 'wrongful termination.'" ECF No. 18 at 2 (quoting ECF No. 8 at 6). In May 2024, the District of Columbia filed its partial motion to dismiss, which the Court granted in part and denied in part. *See* ECF No. 9; ECF No. 18. The District then answered, and the parties proceeded to discovery. *See* ECF Nos. 21, 24.

But five months later, Alao sought leave to further amend her complaint to, as she said, "narrow [the] issues" to those contained in her 2023 Equal Employment Opportunity Commission ("EEOC") right-to-sue letter. ECF No. 28. The Court granted her request and in December 2025, Alao filed what is now her operative complaint. Minute Order of Oct. 22, 2025; *see* ECF No. 30 ("Compl.").

Alao's operative complaint, like many of her filings, is "hard to follow and often provide[s] too little information for the Court to assess how specific allegations fit with her claims." ECF No. 18 at 2. But as best the Court can tell, she abandons several surviving claims from her prior complaint, recycles others which the Court dismissed as unexhausted, and asserts fresh claims for failure-to-accommodate and a hostile work environment based, in part, on new allegations.[1] *See*

---

[1] Alao's operative complaint and briefing omit reference to—and therefore appear to abandon—her claims for retaliation under Title VII and for retaliation and discrimination under the ADA, both of which the Court held survived the District's prior motion to dismiss. *See* ECF No. 18 at 18–21. "If a plaintiff amends her complaint, the new pleading supersedes the old one" and "the original pleading no longer performs any function in the case." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (citation omitted). Thus, any claims not reasserted in an amended complaint are deemed "superseded and abandoned." *Rocha v. Brown & Gould, LLP*, 101 F. Supp. 3d 52, 80 n.23 (D.D.C. 2015), *aff'd*, No. 15-7053, 2016 WL 11761481 (D.C. Cir. Mar. 30, 2016). True, courts often construe a pro se plaintiff's "pleadings broadly, and presume[] that" amendments do not "abandon claims raised in the original complaint," absent clear "inten[tion] that the latter document replace[s] the former." *Bradley v. Smith*, 235 F.R.D. 125, 127 (D.D.C. 2006) (quoting *Logan v. Dep't of Veteran Affairs*, 404 F. Supp. 2d 72, 74 n.1 (D.D.C.

*generally* Compl. Specifically, Alao alleges that the DOH failed to accommodate her disability under the ADA by denying her requests for an ergonomic chair and footstool, alternate work schedule ("AWS"), and part-time work with a gradual increase in hours. Compl. at 1, 12, 20. She also alleges that DOH unlawfully terminated her in retaliation for her accommodation requests, *id.* at 29–39, and—maybe—that it created a hostile work environment, *id.* at 18; ECF No. 42 at 11.

Alao also devotes nearly half of the operative complaint to an attack on the way the D.C. Office of Human Rights ("OHR") handled her administrative case.[2] *See* Compl. at 1–19. She kicked off those proceedings in August 2014, when she cross-filed a discrimination charge against the DOH with OHR and the Equal Employment Opportunity Commission ("EEOC") alleging, among other things, that the DOH failed to accommodate her disability by denying her request for an ergonomic chair and footstool. *See* ECF No. 28-2 at 10, 24. OHR sustained that claim and, after conciliation efforts failed, referred the case to an Administrative Law Judge ("ALJ") for an evidentiary hearing. *Id.* at 25.

The ALJ concluded that Alao had demonstrated "that DOH failed to accommodate her spinal stenosis . . . when [it] denied [her] requests for an ergonomic chair and footstool," and awarded her damages of $145.24 plus interest as reimbursement for purchasing those items herself. *Id.* OHR then adopted the ALJ's finding but remanded to a different ALJ for a supplemental evidentiary hearing on damages. *Id*. at 45–49. After that hearing, the ALJ recommended an additional $1,331 award as reimbursement for Alao's disability insurance premium payments plus

2005)). But here, Alao represents that her amended complaint "supersedes/nullifies any prior filed Complaint." ECF No. 42 at 13.

[2] Alao references several exhibits attached to her motion for leave to file it. *See* ECF Nos. 28-1, 28-2. Those exhibits include, among other things, a partial record of her OHR proceedings. *See id*.

compounded interest. *Id*. at 13. OHR's final order adopted the ALJ's findings but granted a slightly reduced damages award. *Id*. at 19.

Alao petitioned for review of OHR's final order in the Superior Court of the District of Columbia asserting, among other things, that she was entitled to additional damages. *See Alao v. D.C. Dep't of Health*, 2023-CAB-5861, at 5 (D.C. Sup. Ct. Mar. 2, 2026).[3] That court denied the petition, holding that OHR did not err in adopting the ALJ's findings, which were supported by substantial evidence. *See id.* at 6–10. Alao now asks this Court to "review and overturn" OHR's final order, grant her a new hearing, and award her additional damages. Compl. at 2, 6. She asserts that the second ALJ committed "deliberate[,] [e]gregious [p]rocedural [e]rror" in the supplemental damages hearing, *id.* at 6, thereby depriving her of due process, ECF No. 42 at 5.

The District moves to dismiss all but one of Alao's claims, on several grounds. *See* ECF No. 37.[4] The operative complaint, as noted above, is far from a model of pleading clarity, but the Court has done its best to determine the claims Alao purports to assert and what allegations relate to each claim. In the end, most of the claims the District challenges must be dismissed. The Court will grant the motion in part and deny it in part.

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff states a facially plausible claim when she pleads "factual content that

---

[3] The Court may "take[] judicial notice of the [D.C.] Superior Court docket and its publicly available filings." *Wall v. Wingo*, No. 25-cv-4537, 2026 WL 1763970, at *1 n.1 (D.D.C. June 18, 2026).

[4] The District does not seek dismissal of Alao's claim that the DOH failed to reasonably accommodate her by timely providing an ergonomic chair and footstool. *Id.* at 6 n.1.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true "all well-pleaded factual allegations" and "construes reasonable inferences from those allegations in the plaintiff's favor." *Sissel v. HHS*, 760 F.3d 1, 4 (D.C. Cir. 2014). But "mere conclusory statements" are not enough to establish a plausible claim, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Because Alao proceeds pro se, the Court construes her filings liberally. *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017). That means, among other things, considering factual allegations from all her filings,[5] not just her complaint. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151–52 (D.C. Cir. 2015). But none of that absolves her of the need to plead facts that state a claim for relief. *See Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011).

## III. Analysis

### A. Alao's Claims Challenging Her OHR Administrative Proceeding Must Be Dismissed as Either Claim Precluded or for Failure to State a Claim

As described above, most of Alao's operative complaint consists of allegations about her OHR administrative proceeding and the ALJ who presided over her supplemental damages hearing. *See* Compl. at 1–19. She asserts, among other things, that the ALJ did not award her enough damages after a hearing laden with "unsubstantiated . . . disinformation" and "[e]gregious [p]rocedural [e]rror." *Id.* at 6. She asks the Court to overturn the agency's final order, grant her a new hearing, and award her additional damages. *Id.*

[5] In addition to her opposition, Alao has also filed a surreply without the Court's permission. *See* ECF No. 44. While a party generally cannot file a surreply without the Court's leave, *see Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002), because the District has not moved to strike it, and in light of her pro se status, the Court considers the surreply to the extent that it clarifies the claims raised in the operative complaint. *See Martinez v. Constellis/Triple Canopy*, No. 20-cv-153, 2020 WL 5253851, at *1 (D.D.C. Sept. 3, 2020).

The problem, as the District argues, is that Alao has already "petitioned for review of the [ALJ's] determination in D.C. Superior Court." ECF No. 37 at 9 (citing *Alao*, 2023-CAB-5861).[6] That court affirmed OHR's final order and denied Alao's petition. *Alao*, 2023-CAB-5861, at 10. For that reason, Alao's claims challenging that order are barred by "the doctrine of res judicata, or claim preclusion." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Under that doctrine, a party is precluded from asserting a claim "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Id.*; *accord Smith v. Jenkins*, 562 A.2d 610, 613 (D.C. 1989).

Alao's claims asking the Court to "review and overturn" OHR's final order and set aside the ALJ's findings satisfy all three elements. Compl. at 2. Alao petitioned for review in D.C. Superior Court appealing OHR's decision before she filed her operative complaint here.[7] And, as here, she asserted "that she is entitled to additional damages" and "ask[ed] the [c]ourt to dismiss [the ALJ's] decisions and order . . . [and] grant[] . . . a hearing" for additional damages. *Alao*,

---

[6] The District also argues that the Court lacks subject-matter jurisdiction over what is effectively "an appeal of [OHR's] administrative proceedings." ECF No. 37 at 8. Though the District cites no case law in support, it seemingly argues that District of Columbia regulations routing review of OHR decisions to the D.C. Superior Court divest this Court of jurisdiction. *See* ECF No. 37 at 8; D.C. Mun. Regs. Tit. 4, § 121. But federal district courts may "exercise supplemental jurisdiction over state law claims for on-the-record review of administrative decisions," provided they are, as here, "so related to [the plaintiff's] [federal] claims . . . that they form part of the same case or controversy." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 172 (1997) (quoting 28 U.S.C. § 1367(a)).

[7] Alao named OHR and DOH—components of the District of Columbia that are not individually amenable to suit—as defendants in her Superior Court petition. *See* ECF No. 18 at 6 n.2 ("Unless a statute provides otherwise, 'bodies within the District of Columbia government are not suable as separate entities'—in other words, they are '*non sui juris*.'") (quoting *Hunter v. D.C. Child & Fam. Servs. Agency*, 710 F. Supp. 2d 152, 157 (D.D.C. 2010)). So claim preclusion's second element is satisfied.

2023-CAB-5861, at 5. The Superior Court denied Alao's petition, "conclud[ing] that [OHR's] decision [was] supported by substantial evidence, . . . otherwise in accordance with law, and . . . not contrary to the overwhelming weight of the evidence in the record as a whole." *Id.* at 10. That is a final judgment on the merits. *See Bagenstose v. Dist. of Columbia*, 503 F. Supp. 2d 247, 261 (D.D.C. 2007), *aff'd sub nom.*, No. 07-5293, 2008 WL 2396183 (D.C. Cir. May 27, 2008) ("[A] state administrative decision in the employment-discrimination context is entitled to preclusive effect in a subsequent Title VII suit where that decision has been reviewed and affirmed by the state courts."). Thus, "[h]aving been affirmed by a court of competent jurisdiction, the OHR's determination[s] [are] entitled to preclusive effect."[8] *Id.*

Alao also alleges that the ALJ "denied [her] Due Process" by holding a hearing marred by "procedural error." ECF No. 42 at 5.[9] But she does not allege with any specificity what "procedural error" the ALJ committed. Rather, she says the ALJ denied her "the opportunity to . . .

[8] The District does not assert claim preclusion as a basis to dismiss Alao's OHR-based claim. That is no wonder—the D.C. Superior Court decision denying Alao's petition came after the District filed its latest motion to dismiss. But where, as here, "a court is on notice that it," or another court, "has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Arizona v. California*, 530 U.S. 392, 412 (2000) (citation omitted); *see also Steele v. United States*, 144 F.4th 316, 326 (D.C. Cir. 2025) ("[A] complaint that discloses all necessary elements of preclusion is ripe for dismissal.").

[9] The District argues that Alao's due process claim, raised for the first time in her opposition, is not properly before the Court. *See* ECF No. 43 at 2. But the Court "is mindful of its obligation to construe this *pro se* Plaintiff's submissions liberally," *Brown v. Hill*, No. 14-cv-0140, 2018 WL 3238696, at *1 (D.D.C. Mar. 19, 2018), and to consider her filings holistically, *see Whole Foods*, 789 F.3d at 151–52. Of course, that does not mean Alao can "interject new claims through briefing—rather than the proper process for amending pleadings under Rule 15." ECF No. 18 at 20 n.12. But since Alao alleges in her complaint that the ALJ committed "[p]rocedural [e]rror," Compl. at 5, the Court liberally construes that allegation—clarified in her opposition—as asserting a due process violation.

present her case" "first"—*i.e.*, before DOH—and adds that he prevented her from "present[ing] the burden of proof." Compl. at 6, 11. These vague and at times incomprehensible accusations do not state a procedural due process claim.

"To prevail on [such a] claim, plaintiffs must show (1) that they 'were deprived of a protected interest, and' (2) that they did not receive 'the process they were due.'" *Gordon Coll. v. SBA*, No. 23-cv-614, 2025 WL 1517208, at *17 (D.D.C. May 28, 2025) (quoting *Statewide Bonding, Inc. v. DHS*, 980 F.3d 109, 118 (D.C. Cir. 2020)). Alao's allegations falter at the second prong for two reasons. First, she "fail[s] to identify any procedural protection that [s]he was denied." *Bagenstose*, 503 F. Supp. 2d at 259 n.5. Indeed, she does not allege that she was deprived of "an opportunity to be heard with respect to the applicable evidence." *Gordon Coll.*, 2025 WL 1517208, at *18. That Alao "may have desired a greater opportunity to present [her] case than the limited nature of the . . . hearing provided" does not mean that she was denied due process. *La. Ass'n of Indep. Producers & Royalty Owners v. FERC*, 958 F.2d 1101, 1115 (D.C. Cir. 1992). Second, Alao "does not allege or identify 'what plausible alternative safeguards would [have been] constitutionally adequate,' which is a necessary element to support a due process violation." *Gordon Coll.*, 2025 WL 1517208, at *18 (quoting *Statewide Bonding*, 980 F.3d at 118). And Alao's due process claim fails for a third, independent reason—she does not say that she was prejudiced by any purported due process violation. In other words, she not plausibly alleged that any "procedural defects affected the outcome of" her OHR proceeding. *Id.* at *17.

For these reasons, the Court will grant the District's motion to dismiss Alao's claims related to her OHR administrative proceeding as either precluded or for failure to state a claim. *See* Compl. at 1–19.

### B. Alao's Wrongful Termination Claim Must Be Dismissed for Lack of Administrative Exhaustion, as the Court Already Determined

Alao again alleges in the operative complaint—in scattershot fashion—that DOH fired her in 2016 in retaliation for her accommodation requests. *See* Compl. at 29–39. But the Court already dismissed that claim because she failed to administratively exhaust it by obtaining a right-to-sue letter. *See* ECF. No 18 at 11–12. Alao's operative complaint suffers from the same deficiency—she again fails to "allege or argue that she ever received a right-to-sue letter *for her 2016*" "*termination-based claims*." *Id.* at 5, 11 (emphasis added). Thus, the Court again concludes that Alao's discrimination and retaliation claims arising from her 2016 termination "cannot support liability under Title VII or the ADA." *Id.*; *Wye Oak Tech., Inc. v. Republic of Iraq*, 24 F.4th 686, 697 (D.C. Cir. 2022) ("[T]he same issue presented a second time in the same case in the same court should lead to the same result.") (quoting *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999)).

### C. To the Extent Alao Asserts a Hostile Work Environment Claim, It Will be Dismissed for Failure to State a Claim

In part of her operative complaint and opposition, Alao appears to allege that DOH officials subjected her to a "hostile work environment" by denying or failing to respond to her requested accommodations. Compl. at 20; ECF No. 42 at 11 (referencing her "[h]ostile [w]ork [e]nvironment [c]laim"). Yet, in her surreply, Alao backtracks—casting her "reasonable accommodation," "hostile work environment," and "harassment" claims as "*previously adjudicated claims*." ECF No. 44 at 4 (emphasis added). Indeed, she calls the District's arguments directed at those claims "digressions, intended to distract from the core issue: [the] ALJ['s] . . . failure to adhere to the proper scope of the order for Supplemental Hearing for Damages mandate and failure to allow Plaintiff to present her case." *Id.* Thus, Alao seems to disclaim asserting any hostile work environment claim, and the Court considers it abandoned. That said, any such claim would fail.

"To state a hostile work environment claim" under the ADA or Title VII, "a plaintiff must

plausibly allege facts that, if true, would support a reasonable inference that misconduct occurred that was so severe that it changed []a 'term, condition, or privilege' of employment." *Hunter v. Rubio*, No. 24-cv-480 (TJK), 2026 WL 496871, at *6 (D.D.C. Feb. 23, 2026) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *Ham v. Ayers*, No. 15-cv-1390, 2019 WL 1202453, at *5 (D.D.C. Mar. 14, 2019). "This is a high bar designed to filter out complaints attacking the ordinary tribulations of the workplace and prevent federal civil rights statutes from imposing a general civility code." *Davis v. Vilsack*, No. 17-cv-245 (TJK), 2023 WL 6065012, at *10 (D.D.C. Sept. 18, 2023) (internal quotation marks omitted).

The District argues that Alao's allegations underpinning her failure-to-accommodate claim, standing alone, do not amount to a hostile work environment claim, ECF No. 43 at 3–5, and they are right. "[T]he mere denial of a requested accommodation, with nothing more, will not rise to the level of a hostile work environment." *Floyd v. Lee*, 85 F. Supp. 3d 482, 517–18 n.54 (D.D.C. 2015). "That is, a failure-to-accommodate claim cannot fully merge with a hostile work environment claim because 'a plaintiff may not combine discrete acts to form a hostile work environment claim without meeting the required hostile work environment standard." *Id.* (quoting *Baird v. Gotbaum*, 662 F.3d 1246, 1252 (D.C. Cir. 2011)).

True, "[t]he prolonged denial of a reasonable accommodation *can* underlie a hostile work environment claim" when accompanied by "other evidence of verbal harassment." *Floyd*, 85 F. Supp. 3d at 517–518 (emphasis added). But none of the conduct Alao alleges in her operative complaint amounts to the kind of "discriminatory intimidation, ridicule, [or] insult" that creates a hostile work environment. *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993) (citation omitted). Indeed, Alao rehashes many of the same allegations the Court already held do not demonstrate a

hostile work environment. *See* ECF No. 18 at 20 n.12.[10]

### D. Alao States an ADA Failure-to-Accommodate Claim

The Court sides with Alao on one aspect of the District's motion. Alao asserts that DOH violated the ADA by denying her accommodation requests—including those for an ergonomic chair and foot stool, alternate work schedule (AWS) with "flexible hours," and "part-time" work with a gradual increase in hours. Compl. at 12, 18–29. The District does not move to dismiss this claim to the extent that it is based on its purported failure to provide an ergonomic chair and foot stool. ECF No. 37 at 6 n.1. On the other hand, the District argues, Alao's allegations that DOH denied her an AWS or gradual increase in hours do not state a claim under the ADA. *Id.* at 6–10.

The problem for the District is that "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). Only later, "[a]t the summary-judgment stage, [can] the court . . . properly narrow the individual *factual* issues for trial by identifying the material disputes of fact that continue to exist." *Id.* Since, as the District concedes, Alao has stated a

[10] Alao also lobs a few (seemingly) new allegations at the District in the operative complaint—including that DOH refused her an assigned office chair and "benched" her "alone in the office" without work assignments at times. Compl. at 21, 28, 29, 33, 34. She does not tether these allegations to any particular claim, and—notwithstanding her pro se status—it is not the Court's job "to decide what claims [she] may or may not want to assert." *Kaufman v. IRS*, 787 F. Supp. 2d 27, 33 (D.D.C. 2011). Moreover, as explained above, Alao appears to have disclaimed any hostile work environment claim the operative complaint could be construed to assert. Moreover, for the same reasons described above, these allegations do not make out a hostile work environment claim. *Brooks v. Grundmann*, 748 F.3d 1273, 1276 (D.C. Cir. 2014). To the contrary, for example, a dispute over an assigned chair is the type of ordinary "workplace disagreement[] . . . into which the court cannot wade." *Hogan v. Hayden*, 406 F. Supp. 3d 32, 54 (D.D.C. 2019) (citation omitted); *cf. Gleave-Perez v. Neurobehavioral Ctr. for Growth*, No. 21-cv-765, 2023 WL 4238895, at *3 (D. Utah June 28, 2023) (holding that plaintiff's complaint "that she did not have her own office" did not "suggest a . . . hostile work environment").

failure-to-accommodate claim, the Court declines at this stage to parse whether her allegations that DOH denied her an AWS or gradual increase in hours get over the hump.

## IV. Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss the Amended Complaint, ECF No. 37, is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent that it seeks dismissal of Plaintiff's claims (1) challenging her OHR administrative proceeding and final order from that proceeding; (2) for wrongful termination in 2016 based on discrimination or retaliation; and (3) alleging a hostile work environment. It is further **ORDERED** that the motion is **DENIED** in all other respects.

**SO ORDERED**.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 29, 2026